# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRYAN WAYNE CRAWLEY,

    Petitioner,

vs.

R. BAKER, et al.,

    Respondents.

Case No. 3:12-cv-00465-LRH-WGC

**ORDER**

    Petitioner has paid the filing fee. The court has reviewed his petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to file an amended petition.

    Petitioner actually presents no grounds for relief. In each ground on the petition form, petitioner states that he does not know the law and needs the assistance of counsel. The petition as it stands is defective, because petitioner does not allege any facts indicating that he is in custody in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). Petitioner states on the petition form that he directly appealed the judgment of conviction and also pursued post-conviction relief in state court. Therefore, he does have knowledge of facts and legal theories from which he can allege grounds for relief. He will need to file an amended petition in which he presents those grounds.

    Even if the court were to construe the petition as a motion for appointment of counsel, the court would not grant the motion. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus

relief. 18 U.S.C. § 3006A(a)(2)(B).  "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954.  The court cannot make this evaluation, because petitioner has provided the court with no facts of his case, and, at the moment, petitioner has no possibility of success on the merits.

IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions.  Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies.  Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 3:12-cv-00465-LRH-WGC, above the word "AMENDED."

DATED this 28th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE