UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN WAYNE CRAWLEY,<br><br>                Petitioner,<br>    v.<br>R. BAKER, et al.,<br><br>                Respondents. | Case No. 3:12-cv-00465-MMD-WGC<br><br>ORDER |

      Petitioner has submitted an amended petition for a writ of habeas corpus. The Court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will dismiss one ground for relief. Although petitioner currently is in custody in Oregon, he is challenging the validity of a judgment of conviction of a Nevada court. This Court will serve the Attorney General of the State of Nevada for a response to the remaining grounds.

      Ground 4 is a claim that in both the trial and post-conviction proceedings, the state courts have used legal standards that are contrary to and unreasonable applications of clearly established federal law as determined by the Supreme Court of the United States. This can be used as an argument for why this Court should not defer to the rulings of the state courts pursuant to 28 U.S.C. § 2254(d). However, even if true, it would not mean that petitioner is in custody in violation of the constitution or laws of the United States. See 28 U.S.C. § 2254(a). Petitioner's other grounds still would need to have merit for the Court to make that determination. The Court will dismiss ground 4.

Petitioner has submitted a motion for extension of time (dkt. no. 24). He wants additional time to file a motion for reconsideration on the Court's order of March 26, 2014 (dkt. no. 23). The Court denies this motion because its order was not a final disposition of the case, and thus none of the time limits of Rules 59 or 60 of the Federal Rules of Civil Procedure apply.

Petitioner has submitted a renewed motion for appointment of counsel (dkt. no. 25). Nothing in the motion would cause the Court to depart from its denial (dkt. no. 23) of petitioner's earlier motion.

It is therefore ordered that petitioner's motion for extension of time (dkt. no. 24) is denied.

It is further ordered that petitioner's renewed motion for appointment of counsel (dkt. no. 25) is denied.

It is further ordered that ground 4 of the amended petition (dkt. no. 21) is dismissed.

It is further ordered that the Clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk shall electronically serve upon respondents a copy of the amended petition (dkt. no. 21) and this order. In addition, the Clerk shall return to petitioner a copy of the petition.

It is further ordered that respondents shall have forty-five (45) days from the date on which the amended petition (dkt. no. 21) was served to answer or otherwise respond to the petition. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

It is further ordered that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter

or letters) of the exhibits in the attachment.  The hard copy of any additional state court record exhibits shall be forwarded — for this case — to the staff attorneys in Las Vegas.

It is further ordered that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents. The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

DATED THIS 2nd day of June 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE