UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN WAYNE CRAWLEY,<br><br>　　　　　　　　　Petitioner,<br>　　v.<br>R. BAKER, et al.,<br><br>　　　　　　　　　Respondents. | Case No. 3:12-cv-00465-MMD-WGC<br><br>ORDER |

Before the Court are the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 21), respondents' motion to dismiss (dkt. no. 35), petitioner's response (dkt. no. 42), and respondents' reply (dkt. no. 44).[1] Although the Court agrees with respondents that the amended petition is untimely, the Court finds that equitable tolling is warranted, and the Court denies the motion.

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Petitioner has submitted an unauthorized rejoinder (dkt. no. 46), which the Court does not consider.

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). *See also* Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it to the court. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

      In state court, petitioner pleaded guilty to one count of failure to stop on the signal of a police officer. The state district court entered its judgment of conviction on July 9, 2007. Petitioner appealed, and the Nevada Supreme Court affirmed on March 27, 2008. For the purposes of § 2244(d)(1), the judgment of conviction became final on June 25, 2008.

      Fifty-six days later, on August 20, 2008, petitioner filed a post-conviction habeas corpus petition in state district court. The state district court denied the petition, and petitioner appealed. The Nevada Supreme Court affirmed on July 26, 2012. Remittitur ///

1 issued on August 21, 2012. This state petition tolled the federal period of limitation
2 pursuant to § 2244(d)(2).

3      Six days later, on August 27, 2012, petitioner mailed his original federal habeas
4 corpus petition to this Court. The petition contained no grounds for relief, and the Court
5 directed petitioner to file an amended petition.

6      Meanwhile, petitioner had been transferred out of the state to the Coffee Creek
7 Correctional Facility and then to the Snake River Correctional Institution, both in
8 Oregon. Petitioner did inform the Court of these changes in address, but not quickly
9 enough for mail from the Court to go to the correct prison. Petitioner asked for an
10 extension of time until August 26, 2013, to file the amended petition. He mailed it to the
11 Court on August 23, 2013.

12      The amended petition is untimely. By the time that petitioner mailed the amended
13 petition, four hundred twenty-three non-tolled days had passed, and the period of
14 limitation had expired. The grounds in the amended petition could not relate back to the
15 original petition, because petitioner alleged nothing in the original petition. *See Mayle v.*
16 *Felix*, 545 U.S. 644 (2005).

17      On September 10, 2013, the court of appeals issued an opinion in *Sossa v. Diaz,*
18 729 F.3d 1225 (9th Cir. 2013). The procedural history of *Sossa* was similar to this case.
19 Sossa's original habeas corpus petition had alleged no grounds for relief. The district
20 court granted a series of extensions of time, with the last deadline being past the
21 expiration of the period of limitation. The court of appeals held that the district court's
22 orders affirmatively led Sossa to believe that he had until the deadline given to file the
23 petition, and that equitable tolling was warranted up to that deadline.[2] 729 F.3d at 1235.

24      Likewise, this Court gave a deadline past the expiration of the one-year period of
25 limitation, and petitioner states in his response that he was relying upon the Court's

---

[2]Sossa actually filed his amended petition two days after that deadline, and he needed a different reason for equitable tolling of those two days, but that issue is not relevant to the case before this Court.

3

deadline. If this Court had had put a warning in its initial order that any extension of time cannot be construed as a tolling of the period of limitation, then the Court would have no difficulty in dismissing this action. However, the Court gave no such warning, and the Court cannot distinguish this case from *Sossa*. Equitable tolling is warranted up to the Court's deadline for filing an amended petition, and petitioner met that deadline.

Petitioner has submitted another motion for appointment of counsel. (Dkt. no. 43.) Nothing in the motion causes the Court to depart from its denials of petitioner's earlier motions for appointment of counsel.

The Court wishes to expedite review of this case. The issues do not appear to be complex. Consequently, the Court has set forth a briefing schedule that is shorter than normal. Requests for extension of time will be disfavored, granted only upon a showing of true need, and will need to be made at least a week before the deadline.

It is therefore ordered that petitioner's motion for appointment of counsel (dkt.no. 43) is denied.

It is further ordered that respondents' motion to dismiss (dkt. no. 35) is denied.

It is further ordered that respondents shall have thirty (30) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have thirty (30) days from the date on which the answer is served to file a reply.

DATED THIS 25th day of June 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE